## In the Matter of Adam MEARS, Respondent.

### No. 29S00–1608–DI–451.

Supreme Court of Indiana.

Oct. 7, 2016.

LORETTA H. RUSH, Chief Justice.

A "Notice of Finding of Guilt and Request for Suspension" was filed by the Commission against Respondent on August 23, 2016, requesting that Respondent be suspended from the practice of law in this State on an interim basis due to Respondent's conviction for wire fraud. Respondent filed a response in which he acknowledged his conviction and his violation of the Rules of Professional Conduct. Thereafter, Respondent tendered to this Court an affidavit of resignation from the bar of this State, pursuant to Indiana Admission and Discipline Rule 23(17), which requires an acknowledgement that there is presently pending an investigation into or a proceeding involving allegations of misconduct and that Respondent could not successfully defend himself if prosecuted.

**IT IS THEREFORE ORDERED that the resignation from the bar of this State tendered by Respondent is accepted effective immediately.** The Clerk of this Court is directed to record Respondent's resignation on the Roll of Attorneys. Respondent shall fulfill all the applicable duties under Admission and Discipline Rule 23(26)(d).

Respondent having resigned from the Indiana bar, the Commission's request for interim suspension is DENIED as moot. It is further ordered that any attorney disciplinary proceedings pending against Respondent are hereby dismissed as moot because of Respondent's resignation.

Respondent shall be ineligible to petition for reinstatement to the practice of law for five years from the date of this order. See Admis. Disc. R. 23(4)(a). If Respondent seeks reinstatement, the misconduct admitted in Respondent's affidavit of resignation, as well as any other allegations of misconduct, may be addressed in the reinstatement process. Approval of a petition for reinstatement is discretionary and requires clear and convincing evidence of the petitioner's remorse, rehabilitation, and fitness to practice law. See Admis. Disc. R. 23(4)(b). Acceptance of Respondent's resignation from the bar serves only to remove Respondent from the practice of law and does not relieve Respondent from any liability he might have for his misconduct under civil or criminal law.

The costs of this proceeding are assessed against Respondent.

All Justices concur.